UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULARE 207, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF TULARE, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00443-LJO-BAM<br><br>ORDER REGARDING STIPULATIONS TO EXTEND TIME TO RESPOND TO COUNTERCLAIM AND COMPLAINT<br><br>(Doc. Nos. 11, 12.) |

Plaintiff Tulare 207, LLC ("Plaintiff") filed this action against the City of Tulare (the "City") and UVAG Realty Limited Partnership ("UVAG") on April 4, 2019. (Doc. No. 1.) On April 30, 2019, the City filed a counterclaim against Plaintiff, UVAG, IMH Financial Corporation, and Del Valle Capital Corporation, Inc. ("Counter-Defendants"). (Doc. No. 9.)

On May 22, 2019, the parties filed stipulations seeking to extend the deadlines for the Counter-Defendants to respond to the counterclaim and for UVAG to respond to the complaint. (Doc. Nos. 11, 12.) According to the stipulations, the deadline for the Counter-Defendants to respond to the counterclaim was May 21, 2019, and the deadline for UVAG to respond to the complaint was April 30, 2019. (*Id.*) The parties request extensions to July 22, 2019, and July 29, 2019, respectively, for the Counter-Defendants to respond to the counterclaim and for UVAG to respond to the complaint because the parties have reached an agreement for settlement of this matter and are currently preparing a written settlement agreement. (*Id.*)

Local Rule 144 requires that stipulations extending time to respond to a complaint or counterclaim for more than twenty-eight (28) days must be approved by the Court. E.D. Cal. L.R. 144(a). Counsel is required to seek to obtain a necessary extension from the Court as soon as the need for an extension becomes apparent. *Id.* at 144(d). "Requests for Court-approved extensions

brought on the required filing date for the pleading or other document are looked upon with disfavor." *Id.* Here, the parties filed their stipulations for extensions of time after the need for an extension had become apparent as the deadlines for responding to the complaint and the counterclaim had lapsed. (Doc. Nos. 11, 12.)

Based upon the parties' consent to the respective extensions, and in the interest of justice, the Court finds that the requested continuance is warranted and no prejudice will result. However, the parties are cautioned that settlement discussions are not good cause and further requests for extensions on that basis will be denied. Counsel for the parties are additionally reminded of their obligations to immediately file a notice of settlement pursuant to Local Rule 160 when an action has been settled or otherwise resolved by agreement of the parties. Moreover, while the Court declines to exercise its discretion to impose sanctions for the parties' failure to comply with Local Rule 144 at this time, further non-compliance with the Local Rules or this order will be grounds for the imposition of sanctions on counsel or parties who contribute to the violation.

Accordingly, it is HEREBY ORDERED:

1. The parties' stipulations to extend time for the Counter-Defendants to respond to the counterclaim (Doc. No. 11) and for UVAG to respond to the complaint (Doc. No. 12) are approved *nunc pro tunc*;

2. The Counter-Defendants' response to the counterclaim is due on or before July 22, 2019;

3. UVAG's response to the complaint is due on or before July 29, 2019.

IT IS SO ORDERED.

Dated: **May 23, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE